**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5251-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EARL AUSTIN,

     Defendant-Appellant.

_____

> Submitted October 8, 2019 – Decided October 28, 2019
>
> Before Judges Currier and Firko.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 12-02-0309.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Alanna M. Jereb, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Earl Austin appeals from the February 27, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The following facts are taken from the record. On May 19, 2011, defendant waived indictment and trial by jury by pleading guilty under Accusation No. 11-05-383-A to possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1). Pursuant to a plea agreement, defendant would be sentenced to non-custodial probation, which would run concurrently with a previous sentence of juvenile probation.

While awaiting sentencing on the Accusation, on May 26, 2011, defendant approached A.A.[1] in Jersey City while armed with a 9mm handgun. Defendant demanded A.A. "give him everything he had." A.A. refused to comply and entered his vehicle in an attempt to leave. Defendant fired three shots from his weapon at A.A. at close range, striking him through his vehicle and killing him with two of the shots. On May 28, 2011, defendant turned himself in to the police "for the murder of [A.A.]."

_____

[1] We use initials to protect the identity of the victim.

On February 14, 2012, a Hudson County grand jury charged defendant under Indictment No. 12-02-0309 with purposely causing the death of another, N.J.S.A. 2C:11-3(a)(1) and (2) (count one); causing the death of an individual during the commission of a robbery, N.J.S.A. 2C:11-3(a)(3) (count two); causing the death of an individual during the commission of a carjacking, N.J.S.A. 2C:11-3(a)(3) (count three); purposely causing serious bodily injury with a deadly weapon in the course of a theft, N.J.S.A. 2C:15-1 (count four); infliction of injury and use of force upon an occupant of a motor vehicle, N.J.S.A. 2C:15-2 (count five); possession of a weapon with the intent to use the same weapon unlawfully, N.J.S.A. 2C:39-4(a) (count six); and possession of a weapon without a permit, N.J.S.A. 2C:39-5(b) (count seven).

On January 7, 2015, defendant pled guilty to count one, as amended to aggravated manslaughter, and the other charges were dismissed. At the plea hearing, defendant admitted that he fired three shots at A.A. resulting in A.A.'s death. His guilty plea was conditioned upon receiving a maximum sentence of fifteen years in state prison, a five-year post-release parole period, and $205 in fines. Defendant was also permitted to argue for a lesser sentence as part of the plea bargain.

On March 20, 2015, defendant was sentenced on the amended aggravated manslaughter charge and the CDS charge from 2011. Defendant's sentence on the aggravated manslaughter charge was fifteen years in state prison subject to the No Early Release Act (NERA),[2] five years of parole supervision upon release, submission of a DNA sample, and mandatory fines and penalties.

As to the drug charge, defendant was sentenced to four years in state prison, a two-year suspension of his driver's license, submission of a DNA sample, and mandatory fines and penalties. The sentences were to run concurrently. Defendant filed a direct appeal of his convictions and sentences, which we affirmed. State v. Austin, No. A-4189-14 (App. Div. Oct. 28, 2015).

On July 18, 2017, defendant filed a petition for PCR. The PCR court appointed counsel and an amended petition was filed on February 27, 2018. Defendant argued his trial counsel was ineffective because: (1) she failed to advise defendant of the defenses of third persons and lack of actus reus; (2) defendant's plea was not knowing and voluntary; (3) the plea was fundamentally unfair; (4) defendant did not cause A.A.'s death; (5) trial counsel failed to thoroughly investigate the case; and (6) cumulative errors violated defendant's

---

[2] N.J.S.A. 2C:43-7.2.

right to a fair proceeding. The PCR court found there was no evidence that trial counsel was aware defendant claimed a defense to the charges; or that he was improperly advised; and no evidence he would have proceeded to trial and pled not guilty to the charges.

From this record, defendant presents the following points of argument for our consideration.

I.

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING AUSTIN'S PETITION FOR POST[]CONVICTION RELIEF AS AUSTIN HAS MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING.

A. STANDARDS OF PCR, REVIEW, AND INEFFECTIVE ASSISTANCE OF COUNSEL.

B. AUSTIN'S LAWYER FAILED TO ARGUE POTENTIAL DEFENSES, AND TO ADVISE AUSTIN ON THEIR POTENTIAL VIABILITY.

C. AUSTIN'S LAWYER'S MISREPRESENTATION OF THE TERMS OF THE PLEA DEAL, WHICH INDUCED AUSTIN TO WAIVE HIS RIGHT TO GO TO TRIAL AND WHICH NEGATES THE KNOWING AND VOLUNTARY REQUIREMENTS OF THE PLEA CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.

D. AUSTIN'S LAWYER'S FAILURE TO THOROUGHLY INVESTIGATE POTENTIAL

DEFENSES CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.

We are unpersuaded.

## II.

Defendant contends that the PCR court should not have dismissed his petition without allowing an opportunity to provide further support for his claims at an evidentiary hearing. "An evidentiary hearing on an ineffective assistance of counsel claim should ordinarily be granted when defendant has shown a prima facie case." Pressler & Verniero, Current N.J. Court Rules, comment 2 on R. 3:22-10 (2020). "[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

In his petition, defendant denied causing A.A.'s death and claims he was trying to wrestle a firearm out of another individual's hands, and during that struggle, the handgun discharged, killing A.A. Thus, he argues that he did not act purposely, knowingly, or negligently.

In support of his claim, defendant provided an "unsigned investigation report from February 2014." The investigator stated in the report that a witness,

A.B., recanted his prior identification of defendant as the shooter, and stated his back was turned when the shots were fired. A.B. was ostensibly under the belief that his participation in the Drug Court program would be terminated if he did not cooperate in the prosecution of defendant, and therefore, A.B. changed his story.

Based upon our careful review of the record, we conclude the PCR court aptly found the unsigned investigation report of A.B.'s recanted statement failed to establish a prima facie case that trial counsel was aware of A.B.'s account of the shooting. No affidavit or certification was submitted by A.B. in support of defendant's new theory. Moreover, during his plea allocution, defendant acknowledged firing three shots at A.A. in his car and that his death resulted from two of those shots. Further, we cannot overlook the fact that defendant turned himself in to the police voluntarily after the shooting.

"The mere raising of a claim of ineffective assistance of counsel does not entitle the defendant to an evidentiary hearing." State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016). We agree with the PCR court that defendant's claims of defense of others and lack of actus reus are bald assertions and devoid of factual support, and no evidentiary hearing was required.

III.

Defendant next contends his trial counsel failed to argue potential defenses, specifically, use of force for the protection of others under N.J.S.A. 2C:3-5. He claims that because he was deprived of this advice, he pled guilty to aggravated manslaughter in a "panic" and under duress. We disagree.

Based upon our careful review of the record, we are satisfied that defendant never advised his trial counsel that he did not pull the trigger leading to A.A.'s death. Moreover, A.B. did not witness anything, and the self-serving, unauthenticated investigative report "does not establish that trial counsel was aware of the witness statement or of [defendant's] claim[] of defense of others[]" as noted by the PCR court. No affidavits were submitted by defendant to support these contentions, which merely amount to bald assertions.

Defendant contends his right to effective assistance of counsel was also violated because no investigation was conducted as to whether the incident was videotaped prior to the entry of his guilty plea. Relying upon the uncertified statement of A.B. to the private investigator, defendant now claims he tried to "intervene" to stop the shooting incident, and another party attacked A.A. leading to the shots fired.

As the PCR court noted, defendant failed to provide any affidavits in support of this claim and again, he merely presents bald assertions that are not evidential. There is no support for defendant's assumption that a business in the locale of the crime scene must have had an operational video camera on that captured what happened.

We review claims of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987) (implementing the Strickland standard for ineffective assistance of counsel claims under Article I, paragraph 10 of New Jersey Constitution). See State v. McDonald, 211 N.J. 4, 29-30 (2012). First, defendant must demonstrate that counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Defendant must show that the deficient performance prejudiced the defense. Id. at 687. "This requires showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Ibid. With respect to both factors of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR

bears the burden of proving his right to relief by a preponderance of the evidence.  See State v. Echols, 199 N.J. 344, 357 (2009).

Also, the right to counsel guarantees defendants the right "to competent counsel."  State v. DiFrisco, 174 N.J. 195, 220 (2002).  Attorneys are held to a standard of "reasonableness under prevailing professional norms."  Strickland, 466 U.S. at 688.  Deficient performance is established by proving that "counsel's acts or omissions fell 'outside the wide range of professionally competent assistance' considered in light of all the circumstances of the case."  State v. Castagna, 187 N.J. 293, 314 (2006) (quoting Strickland, 466 U.S. at 690).  And, the evaluation as to the reasonableness of an attorney's performance must be "viewed as of the time of counsel's conduct."  Ibid. (quoting Strickland, 466 U.S. at 690).

Given the entirely speculative nature of defendant's arguments on the purported lack of an investigation, the PCR court correctly determined that defendant has failed to establish a prima facie case to satisfy either the performance or prejudice prong of the Strickland/Fritz paradigm.

IV.

Defendant also challenges the conviction that resulted from his guilty plea.  He argues that his trial counsel "misled him" about the potential length of

10

his sentence, and his recommended fifteen-year sentence "really meant a [ten] year term." The trial court specifically queried defendant if the State's recommendation was his understanding of the plea. He unequivocally replied, "Yes, it is, Your Honor." Defendant answered all of the questions appropriately.

The United States Supreme Court has extended the Strickland/Fritz factors to a criminal defense attorney's representation of an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-63, (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). A defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney. Lafler, 566 U.S. at 163 (citing Strickland, 466 U.S. at 694).

Our Supreme Court has also established standards for vacating a guilty plea based on a claim of ineffective assistance of counsel:

> [t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not within the range of competence demanded of attorneys in criminal cases; and (ii) that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.
>
> [State v. Nuñez-Valdéz, 200 N.J. 129, 139 (alterations in original) (citation and internal quotation marks omitted).]

Although the question addressed in <u>Nuñez-Valdéz</u> concerned the defendant's immigration status, we have applied the same standard to assess the validity of a claim of ineffective assistance of counsel in the context of a guilty plea that did not involve the immigration status of the defendant. <u>See</u> <u>State v. Agathis</u>, 424 N.J. Super. 16, 19 (App. Div. 2012) (applying the <u>Nuñez-Valdéz</u> standards to assess the materiality of erroneous information provided by defense counsel concerning the defendant's right to possess a firearm).

We are persuaded that defendant understood the ramifications of his guilty plea, entered his plea knowingly and voluntarily, and that the alleged deficiencies here clearly fail to meet either the performance or the prejudice prongs of the <u>Strickland</u>/<u>Fritz</u> test, as well as the standard established under <u>Nuñez-Valdéz</u>. During his plea hearing, defendant's answers were lucid, his concessions were corroborated by the evidence, and there was no indication that he was under the influence of any medication, drugs, or alcohol, or threatened in any way.

Although defendant now claims he was advised he would receive a ten-year prison term, the PCR court noted the signed plea forms state, "maximum sentence not to exceed [fifteen] years." The trial court thoroughly addressed the possibility of defendant seeking to withdraw his plea at a later time and

cautioned him, "it's not that easy," and "that burden is high."  Defendant also indicated that he had enough time to speak to his counsel about his guilty plea.

We have reviewed each of defendant's contentions and the applicable law, and we conclude that the remainder of his arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION